UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA WARMBIER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON, <br><br> Garnishee Defendant. | Case No. 1:22-CV-09468 (LAK) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-23-2023

### FINAL TURNOVER ORDER AND JUDGMENT

WHEREAS Plaintiffs Cynthia Warmbier and Frederick Warmbier, individually, and as personal representatives of the Estate of Otto Warmbier (together, "Plaintiffs") filed an *Unopposed Motion for Entry of Final Turnover Order and Judgment* (the "Motion") on October 19, 2023 relating to their Petition for Turnover Order (Dkt. No. 17), with respect to certain blocked funds, that Plaintiffs filed under seal on or about November 4, 2022 (the "Turnover Petition") pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (2002), codified at 28 U.S.C. § 1610 note, Rule 69 of the Federal Rules of Civil Procedure, and Sections 5225(b), 5227 and 5230 of the New York Civil Practice Law and Rules ("NYCPLR");

WHEREAS, on December 24, 2018, the U.S. District Court for the District of Columbia ("D.C. District Court") entered a judgment against the Democratic People's Republic of Korea ("North Korea") under section 1605A(c) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.* ("FSIA") in the amount of $501,134,683.80 (the "Judgment") for the torture, hostage taking and extrajudicial killing of Plaintiffs' son, Otto Warmbier;

1

WHEREAS, on April 9, 2019, the D.C. District Court entered an order pursuant to 28 U.S.C. § 1610(c), authorizing Plaintiffs to seek attachment and execution to satisfy the Judgment;

WHEREAS, on July 3, 2019, the Judgment was duly registered in the U.S. District Court for the Southern District of New York. *See Warmbier v. Democratic People's Republic of Korea*, No. 19-MC-00329, Dkt. No. 1 (S.D.N.Y. July 3, 2019);

WHEREAS, the funds subject to the Turnover Petition (the "Subject Funds") consist of blocked funds, held by garnishee defendant The Bank of New York Mellon ("BNY Mellon"), that are the property of Far Eastern Bank ("FEB"), a Russian bank that the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") designated under Executive Order (E.O.) 13722 as a Specially Designated National ("SDN") on or about May 27, 2022 for, *inter alia*, providing banking services to North Korea's state-owned airline, Air Koryo, and other North Korean government organizations;

WHEREAS, BNY Mellon, at which FEB had an account containing the Subject Funds, blocked the Subject Funds, in the original amount of $2,131,241.43, upon OFAC's designation of FEB as an SDN and continues to hold the Subject Funds as of the time of this Order and Judgment;

WHEREAS, the Subject Funds are accruing interest and, as of October 12, 2023, were in the amount of $2,203,258.68, with interest of $72,017.25 having accrued as of that date;

WHEREAS, as previously determined by the Court in the Order Granting Motion for Issuance of Writ of Execution, dated December 23, 2022 (Dkt. No. 21), Plaintiffs have established that FEB is an agency or instrumentality of North Korea, and that North Korea is a terrorist party under TRIA;

WHEREAS, the Court's December 23, 2022 Order directed the Clerk of the Court to issue a writ of execution covering the Subject Funds (the "Writ"), and the U.S. Marshal served the Writ on BNY Mellon on or about February 2, 2023;

WHEREAS, no other judgment creditor of North Korea, or any other person or entity with an actual or potential interest in the Subject Funds, served BNY Mellon with a writ covering the Subject Funds before Plaintiffs served the Writ, and Plaintiffs accordingly have priority, as to the Subject Funds, vis-à-vis any other judgment creditors of North Korea and any other persons or entities worldwide;

WHEREAS, as evidenced by the Notice of Proof of Special Notice (Dkt. 31), Plaintiffs have provided adequate notice of this proceeding to both North Korea and FEB in a manner expressly authorized and approved by the Court as "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950);

WHEREAS, both North Korea and FEB were afforded an opportunity to object to the Turnover Petition, including to contest the designation of FEB as an agent or instrumentality of North Korea, and neither North Korea nor FEB has appeared in this action or responded to the Turnover Petition;

WHEREAS, BNY Mellon has been duly served in this matter and does not oppose the entry of this Order and Judgment;

WHEREAS, because the Subject Funds constitute blocked assets of an agency or instrumentality of terrorist party North Korea, Plaintiffs are entitled under Section 201(a) of TRIA

3

to a turnover judgment directing the turnover of the Subject Funds in the sum of $2,131,241.43 plus any accrued interest;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, based on the findings above, as follows:

1. The Unopposed Motion for Entry of Final Turnover Order and Judgment filed on October 19, 2023 is hereby GRANTED.

2. Judgment is hereby entered in favor of Plaintiffs Cynthia Warmbier and Frederick Warmbier with respect to the Subject Funds in the sum of $2,203,258.68, plus interest that will have accrued after October 12, 2023.

3. BNY Mellon shall turn over to Plaintiffs, in partial satisfaction of the Judgment, the Subject Funds in the sum of $2,203,258.68, plus interest that will have accrued after October 12, 2023, within 20 days of the date of this Order and Judgment via wire transfer to Plaintiffs' counsel pursuant to wire instructions to be furnished to BNY Mellon by Plaintiffs' counsel.

4. This Judgment and Order supersedes and overrides any provisions of 31 C.F.R. Part 510, and any other regulations promulgated by OFAC, or any Presidential Executive Orders that otherwise require BNY Mellon to hold the Subject Funds, or that prohibit the payment of those funds to Plaintiffs, or that require a license from OFAC before the Subject Funds can be turned over in partial satisfaction of this Judgment and Order. *See e.g., Est. of Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 422 (S.D.N.Y. 2013) ("in the event a court determines that blocked assets are subject to TRIA, those funds may be distributed without a license from OFAC"); *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006) (same).

5. Once BNY Mellon has turned over the Subject Funds, including all accrued interest thereon, to Plaintiffs' counsel, BNY Mellon, including its parent company and all affiliated

companies, shall be fully discharged and released under NYCPLR §§ 5209 and 6204 from any and all obligations and liability with respect to the Subject Funds, and shall be fully discharged and released from any and all obligations and liability, with respect to the Subject Funds, to Plaintiffs, FEB, North Korea, and any other person or entity anywhere in the world.

6. Once BNY Mellon has turned over the Subject Funds, including all accrued interest thereon, to Plaintiffs' counsel, Plaintiffs and all other persons and entities shall hereby be permanently restrained and enjoined from instituting or prosecuting any claim or action against BNY Mellon, in any court, tribunal or arbitration forum anywhere in the world, with respect to the Subject Funds.

7. Subject only to BNY Mellon's turnover of the Subject Funds to Plaintiffs' counsel, the Writ obtained by Plaintiffs, and any other judgment enforcement devices covering or otherwise applicable to the Subject Funds, are hereby permanently terminated and deemed vacated and null and void.

8. This Order and Judgment is intended to apply solely to the Subject Funds and is not intended to affect any other determination, in this or any other proceeding under TRIA § 201(a) or FSIA § 1610(g), involving blocked funds held by BNY Mellon.

9. This Order and Judgment is a final and appealable judgment within the meaning of Fed. R. Civ. P. 54(b), and there is no just cause for delay of the enforcement of or appeal from this Order and Judgment. This Order and Judgment finally disposes of all claims that have been, or that could have been, asserted by Petitioners or any other person or entity for the turnover of the Subject Funds.

10. This Court shall retain jurisdiction to enforce this Order and Judgment.

**IT IS SO ORDERED.**

DATED:   October 23, 2023
New York, New York

_____
The Honorable Lewis A. Kaplan
United States District Judge